UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ROBERT FOX,<br><br>    Plaintiff,<br><br>v.<br><br>I.C. SYSTEM, INC.<br><br>    Defendant. | CIVIL ACTION<br><br>COMPLAINT  1:17-cv-07001<br><br>JURY TRIAL DEMANDED |

### COMPLAINT

NOW COMES the Plaintiff, ROBERT FOX ("Plaintiff"), by and through his attorneys, SULAIMAN LAW GROUP, LTD., complaining of the Defendant, I.C. SYSTEM, INC. ("I.C. System"), as follows:

#### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for I.C. System's violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692.

#### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as I.C. System's unlawful conduct relates to a debt incurred by Plaintiff in this District.

#### PARTIES

4. Plaintiff is a consumer and natural person over 18 years-of-age and resides in this District.

5. I.C. System is a debt collection company with its principal place of business located at 444 HWY 96 East, St. Paul, Minnesota 55127. I.C. System is engaged in the business of collecting, or

1

attempting to collect, directly, or indirectly, debt owed or due, or asserted to be owed or due, to others using the mail and telephone, including consumers in the State of Illinois. I.C. System's registered agent in Illinois is C T Corporation System located at 208 S. LaSalle Street, Suite 814, Chicago, Illinois 60604.

## BANKRUPTCY CASE

6. Approximately 7 or 8 years ago, Plaintiff obtained cellular phone service from AT&T U-verse ("U-verse" or "AT&T").

7. Plaintiff subsequently incurred a debt owed to U-verse.

8. In or about January, 2017, Plaintiff defaulted on the debt ultimately owing U-verse approximately $1,215.51 ("subject debt").

9. On March 20, 2017 Plaintiff, along with his wife, filed a Joint Chapter 7 bankruptcy petition in the United States Bankruptcy Court, Northern District of Illinois, Case Number 17-08501 ("bankruptcy"[1]).

10. Pursuant to 11 U.S.C. §362, the filing of the bankruptcy immediately invoked the protections of the automatic stay, prohibiting any acts to collect upon the subject debt by AT&T, I.C. System, or any other party.

11. Schedule F of the bankruptcy petition listed the subject debt, a pre-petition debt in the amount of $1,215.51, owed to AT&T. *See* Exhibit A, a true and correct copy of Schedule F filed in Plaintiff's bankruptcy case.

12. On March 21, 2017, by virtue of listing as a creditor, the Bankruptcy Noticing Center ("BNC") served AT&T with notice of Plaintiff's bankruptcy filing. *See* Exhibit B, a true and

---

[1] Plaintiff's wife is not a party to this lawsuit.

correct copy of the BNC Certificate of Notice establishing service of the notice of filing on AT&T.

13. On April 18, 2017, the 341 Meeting of Creditors was held with the Chapter 7 Trustee. No representative of AT&T appeared at the 341 Meeting of Creditors.

14. On August 22, 2017, I.C. System sent Plaintiff a dunning letter demanding immediate payment on the subject debt in the amount of $1,215.51. The letter explained that the account is "delinquent," and that "I.C. System will not submit the account information to the national credit reporting agencies *until the expiration of the time period described in the notice below*." The letter further advised that Plaintiff can "tear of the bottom portion of this letter and return with [his] payment." *See* Exhibit C, a true and correct copy of the August 22, 2017 dunning letter sent by I.C. System to Plaintiff.

15. On June 20, 2017, the Bankruptcy Court entered an Order of Discharge in Plaintiff's case of all dischargeable debts, including the subject debt. *See* Exhibit D, a true and correct copy of the Order of Discharge and BNC Certificate of Notice establishing service of the Order of Discharge upon AT & T.

16. Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction, prohibiting any acts to collect upon the subject debt by AT&T, I.C. System, or any other party.

17. Plaintiff's personal liability on the subject loan was extinguished via his bankruptcy discharge, thus terminating the business relationship with AT&T, I.C. System, and any of their successors and assigns.

18. Upon information and belief, I.C. System's collection efforts occurred after I.C. System had actual knowledge of Plaintiff's bankruptcy filing and subsequent discharge.

**DAMAGES**

19. Plaintiff suffered from emotional distress due to I.C. System's unlawful attempts to collect the subject debt.

20. Plaintiff was unduly inconvenienced and harassed by I.C. System's unlawful attempt to collect the subject debt.

21. Concerned about the violations of his rights and protections afforded by his bankruptcy discharge injunction, Plaintiff sought the assistance of counsel to ensure that I.C. System's collection efforts ceased.

22. Plaintiff has expended unnecessary effort and time meeting with his attorneys as a result of I.C. System's deceptive collection actions.

**COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT**

23. Plaintiff restates and realleges paragraphs 1 through 22 as though fully set forth herein.

24. Plaintiff is a "consumer" as defined by FDCPA §1692a(3).

25. The subject debt is a "debt" as defined by FDCPA §1692a(5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

26. I.C. System is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent consumer accounts allegedly owed to a third party.

27. Moreover, I.C. System is a "debt collector" because it acquired rights to the subject loan after it was in default. 15 U.S.C. §1692a(6).

28. I.C. System violated 15 U.S.C. §§1692e, e(2), e(10), f, and f(1) through its debt collection efforts on a debt included in bankruptcy.

### a. Violations of FDCPA §1692e

29. I.C. System violated §1692e by making false representations in its attempts to collect the subject debt as the subject debt was not collectible at the times I.C. System made its payment demand.

30. I.C. System violated §1692e(2) when it misrepresented the character, amount, or legal status of the subject debt. The subject debt was not collectible when I.C. System demanded payment due to Plaintiff's bankruptcy.

31. I.C. System violated §1692e(10) when it falsely represented that the subject debt was collectible at the times of the demand even though the subject debt was not collectible by virtue of Plaintiff's bankruptcy discharge.

### b. Violations of FDCPA §1692f

32. I.C. System violated §1692f by employing unfair and unconscionable means to collect the subject debt when it sent its dunning letter attempting to collect on the subject debt which was duly listed in Plaintiff's bankruptcy and subsequently discharged.

33. I.C. System violated §1692f(1) by attempting to collect a debt that was uncollectible as a matter of law as the bankruptcy discharge injunction precluded such conduct.

34. I.C. System attempted to dragoon and induce Plaintiff into paying a debt that was not legally collectible.

35. As an experienced debt collector, I.C. System knew or should have known the ramifications of collecting on a discharged debt.

36. I.C. System knew or should have known that the subject debt was uncollectable as a matter of law.

37. Upon information and belief, I.C. System has no system in place to identify and cease collection of debts included in bankruptcy.

WHEREFORE, Plaintiff ROBERT FOX requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: September 28, 2017

Respectfully Submitted,

/s/ Majdi Y. Hijazin
Majdi Y. Hijazin, *Of Counsel*
*Counsel for Plaintiff*
Sulaiman Law Group, Ltd.
2500 S. Highland Avenue, Suite 200
Lombard, IL 60148
Phone: (630) 575-8181
Fax: (630) 575-8188
mhijazin@hijazinlaw.com